UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TYRONE HALL,

                              Plaintiff,

                                                                          Case # 12-CV-6202-FPG
v.

                                                                          DECISION AND ORDER

JOSEPH BRADLEY, ET AL.,

                              Defendants.


*Pro se* Plaintiff Tyrone Hall filed this action under 42 U.S.C. § 1983, alleging that the

Defendants, several employees of the New York State Department of Corrections and

Community Supervision ("DOCCS"), violated his constitutional rights.  The Complaint stems

from an incident on or about April 6, 2011, where Hall alleges that while he was an inmate at the

Five Points Correctional Facility, certain Defendants utilized excessive force against him, and

then retaliated against him after the alleged incident.  The Defendants have moved for summary

judgment, arguing that Hall's action cannot proceed because he failed to exhaust his

administrative remedies before commencing this action.   For the following reasons, the

Defendants' Motion for Summary Judgment (ECF No. 7) is granted, and this case is dismissed

with prejudice.


## DISCUSSION

I.      Summary Judgment Standard

        The standard for ruling on a summary judgment motion is well known.  Summary

judgment shall be granted "if the movant shows that there is no genuine dispute as to any

material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ.

P. 56(a).  "[T]he mere existence of *some* allegedly factual dispute between the parties will not

defeat an otherwise properly supported motion for summary judgment; the requirement is that

there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48 (1986) (emphasis in original). While the court must view the inferences to be drawn from the facts in the light most favorable to the party opposing the motion, *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986), a party may not "rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 12 (2d Cir. 1986). The non-moving party may defeat the summary judgment motion by producing sufficient specific facts to establish that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). However, "mere conclusory allegations or denials" are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist. *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 445 (2d Cir. 1980).

Because Hall is proceeding *pro se,* his submissions are read liberally and interpreted "to raise the strongest arguments that they suggest." *Fulton v. Goord,* 591 F.3d 37, 43 (2d Cir. 2009). Nevertheless, proceeding *pro se* does not relieve a litigant from the usual requirements of summary judgment. *See Wolfson v. Bruno,* 844 F. Supp. 2d 348, 354 (S.D.N.Y. 2011). When a *pro se* plaintiff fails to properly oppose a motion for summary judgment after having been warned of the consequences of such a failure, "summary judgment may be granted as long as the Court is satisfied that the undisputed facts 'show that the moving party is entitled to judgment as a matter of law.'" *Almonte v. Pub. Storage Inc.*, No. 11 CIV. 1404 DLC, 2011 WL 3902997, at *2 (S.D.N.Y. Sept. 2, 2011) (quoting *Champion v. Artuz,* 76 F.3d 483, 486 (2d Cir. 1996)).

Because *pro se* litigants are generally unfamiliar with the procedural requirements of summary judgment motions, they must be provided with a specific notification at the time the motion is filed. *See Irby v. New York City Transit Auth.*, 262 F.3d 412, 414 (2d Cir. 2001); *see also* Local Civ. R. 56(b). Here, the record reflects that Hall was served with the required notice

that informed him of his obligation to respond by sworn affidavits, his burden of producing evidence in admissible form to oppose the motion, and that his opponent's factual statements may be accepted as true if he failed to respond individually to his opponent's statement of material facts not in dispute.

Despite that clear warning, Hall failed to appropriately respond to the Defendants' Motion for Summary Judgment. He produced no affidavits, no evidence in admissible form, and did not respond to the Defendants' Statement of Material Facts. Instead, his one page opposition to the Defendants' motion seeks court ordered discovery of his grievance file, and an extension of time "due to not having discovery." ECF No. 13.

II.    The Material Facts Are Undisputed

As previously alluded to, Fed. R. Civ. P. 56(e)(2) provides that if a party "fails to properly address another party's assertion of fact...the court may...consider the fact undisputed for purposes of the motion." That same rule is contained in Local Rule of Civil Procedure 56(a)(2), which provides that:

> The papers opposing a motion for summary judgment shall include a response to each numbered paragraph in the moving party's statement, in correspondingly numbered paragraphs and, if necessary, additional paragraphs containing a short and concise statement of additional material facts as to which it is contended there exists a genuine issue to be tried. Each numbered paragraph in the moving party's statement of material facts will be deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement.

Because Hall has failed to file a statement of material facts addressing Defendant's statement of material facts, the Court considers the facts alleged by Defendants – which are supported by citations to evidence in admissible form – to be undisputed, in accordance with these rules. *See Gubitosi v. Kapica*, 154 F.3d 30, 31 n.1 (2d Cir. 1998). Accordingly, I adopt the

Defendants' Statement of Material Facts Not in Dispute (ECF No. 7-2), and those facts establish the following:

1.      Neither Five Points CF nor Upstate CF have any record of Plaintiff filing a grievance related to the events alleged in the Complaint.

2.      Plaintiff has not appealed to CORC any grievance related to the events alleged in the Complaint.

3.      Plaintiff was able to file a grievance at Upstate, and alleges he did so.

4.      Plaintiff has filed at least 23 grievances at Five Points, and has appealed many of them to CORC.

With those underlying facts established, I turn to the merits of the Defendants' Motion for Summary Judgment.

III.      The Prisoner Litigation Reform Act

The Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 … or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  If an inmate fails to exhaust their administrative remedies, they are barred from commencing a federal lawsuit. *Martin v. Niagara County Jail*, No. 05–CV–00868(JTC), 2012 WL 3230435, at *6 (W.D.N.Y. Aug. 6, 2012).  In other words, to commence a lawsuit "prisoners must complete the administrative review process in accordance with the applicable procedural rules – rules that are defined not by the PLRA, but by the prison grievance process itself." *Johnson v. Killian*, 680 F.3d 234, 238 (2d Cir. 2012).

- 4 -

Exhaustion necessitates "using all steps that the [government] agency holds out, and doing so properly." *Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)).  To be "[p]roper," exhaustion must comply with all of the agency's "deadlines and other critical procedural rules." *Woodford*, 548 U.S. at 90-91.

To satisfy the PLRA's exhaustion requirement, an inmate in New York is generally required to follow the prescribed DOCCS grievance procedure, which is set forth at 7 N.Y.C.R.R. § 701.5.  In short, a prison inmate's administrative remedies consist of a three-step grievance and appeal procedure: (1) investigation and review of the grievance by the Inmate Grievance Resolution Committee ("IGRC"), which is comprised of inmates and DOCCS employees; (2) if appealed, review of the IGRC's determination by (or, if the committee is unable to reach a determination, referral to) the superintendent of the facility; and (3) if the superintendent's decision is appealed, review and final administrative determination by the Central Office Review Committee ("CORC"). *See Id.*  All three steps of this procedure must ordinarily be exhausted before an inmate may commence suit in federal court. *See Morrison v. Parmele*, 892 F. Supp. 2d 485, 488 (W.D.N.Y. 2012) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)).

Here, the facts establish that Hall never filed a grievance regarding this incident either at Five Points Correctional Facility, or upon his transfer to Upstate Correctional Facility several weeks after the alleged incident.  But even if I assume[1] that Hall prepared a grievance that was

---

[1] This allegation was not made in response to the Defendants' Motion for Summary Judgment, but rather, is contained in Hall's Amended Complaint. *See* ECF No. 5-1.  While I acknowledge that statements made in the Complaint are not normally an appropriate basis to defeat a properly supported summary judgment motion, I will take them into account here given Hall's *pro se* status.

discarded by a Corrections Officer at Five Points[2], it does not alter the fact that Hall *did not even attempt* to file an appeal regarding his grievance with the facility superintendent or with the CORC[3]. It is well-settled that any failure to respond to a grievance by DOCCS staff "can – and must – be appealed to the next level, including CORC, to complete the grievance process." *Goodson v. Silver*, No. 09-CV-0494 (GTS/DRH), 2012 WL 4449937, at *4 (N.D.N.Y. Sept. 25, 2012); *see also George v. Morrison–Warden*, No. 06 CIV. 3188(SAS), 2007 WL 1686321, at *3 (S.D.N.Y. June 11, 2007) (quoting *Bligen v. Griffen*, No. 06 Civ. 4400, 2007 WL 430427, *2 (S.D.N.Y. Feb. 8, 2007); *Williams v. City of New York*, No. 03 Civ. 5342, 2005 WL 2862007, at *10 (S.D.N.Y. Nov. 1, 2005).

Hall does not explain why he did not file an appeal with the Superintendent or CORC. Even if Hall had argued that his failure to appeal should be excused because his original grievance was allegedly not processed, this argument fails. It has been repeatedly held that a "plaintiff's allegation that these particular grievances were misplaced or destroyed by correctional officers ultimately does not relieve him of the requirement to appeal these claims to the next level once it became clear to him that a response to his initial filing was not forthcoming." *Veloz v. New York*, 339 F. Supp. 2d 505, 516 (S.D.N.Y. 2004), *see also Martinez v. Dr. Williams R.*, 186 F. Supp. 2d 353, 357 (S.D.N.Y. 2002) (inmate who allegedly received no response to grievance "could have and should have appealed grievance in accordance with grievance procedure"); *Harrison v. Goord*, No. 07 Civ. 1806 (HB), 2009 WL 1605770, at *8 (S.D.N.Y. Jun. 9, 2009) ("Even assuming that [Plaintiff] filed the initial complaints that he

---

[2] I note that Hall has never produced a copy of the grievance he allegedly filed. In other words, his claims "stand alone and unsupported." *Veloz v. New York*, 339 F. Supp. 2d 505, 516 (S.D.N.Y. 2004) (citation omitted).

[3] Indeed, Hall's Amended Complaint tacitly acknowledges this shortcoming, stating that he "filed a grievance and wrote complaints to the superintendent; deputy superintendent of security and even the N.Y.S.D.O.C.C.S. Commissioner, and the Inspector General's office." ECF No. 5-1, at 6.

claims to have filed, and never received a response, this does not excuse the failure to exhaust administrative remedies.") (collecting cases).

To the extent that Hall's Amended Complaint attempts to argue that the Defendants should be estopped from raising the issue of non-exhaustion due to their alleged interference with his original grievance – an argument he did not advance in response to the Defendants' Motion for Summary Judgment – I disagree.  In *Hemphill v. New York*, 380 F.3d 680 (2d Cir. 2004), the Second Circuit held that when an inmate seeks to have his non-exhaustion with the PLRA excused, the Court must analyze his claim under a three-part test.  *See Macias v. Zenk*, 495 F.3d 37, 41 (2d Cir. 2007).  The Court must consider: (1) whether the administrative remedies were, in fact, available to the prisoner; if not, the exhaustion requirement is inapplicable; (2) if those remedies were available, whether "the defendants are estopped from raising the affirmative defense of non-exhaustion because their actions inhibited the inmate's exhaustion of remedies, or because they forfeited the defense by failing to raise or preserve it," *Andrews v. Cruz,* No. 04 Civ. 566(PAC)(RLE), 2010 WL 1142010, at *3 (S.D.N.Y. Mar. 9, 2010); and, finally, (3) whether "special circumstances" have been plausibly alleged that justify the prisoner's failure to exhaust.  *See Hemphill*, 380 F.3d at 686.  At the third step, "special circumstances" could include situations where a plaintiff's "reasonable" interpretation of applicable regulations regarding the grievance process led him or her to conclude that the dispute could not be grieved.  *Id.* at 689; *see also Giano v. Goord*, 380 F.3d 670, 676–77 (2d Cir. 2004).

There is no dispute in this case that administrative remedies were available to Hall while he was incarcerated.  Hall's Amended Complaint acknowledges that a prisoner grievance procedure was in place at his facility of confinement, and he claims to have utilized the process.  *See* ECF No. 5-1, at 5-6.  Further, the Defendants have submitted declarations from DOCCS

officials demonstrating that Hall indeed utilized the grievance process on multiple occasions. *See* ECF Nos. 7-4, 7-5, 7-6.

To determine whether grievance procedures were available to a plaintiff, courts must determine "whether a similarly situated individual of ordinary firmness [would] have deemed them available." *McCullough v. Burroughs*, No. 04-CV-3216-FB, 2005 WL 3164248, at *3 (E.D.N.Y. Nov. 29, 2005) (quoting *Hemphill*, 380 F.3d at 688). "Threats or other intimidation by prison officials may well deter a prisoner of 'ordinary firmness' from filing an internal grievance, but not from appealing directly to individuals in positions of greater authority within the prison system, or to external structures of authority such as state or federal courts." *McCullough*, 2005 WL 3164248, at *3 (quoting *Hemphill*, 380 F.3d at 688). Here, Hall has presented no evidence in admissible form to demonstrate that he was prevented from filing an appeal with the superintendent or CORC, and indeed, rather than being dissuaded from speaking about the alleged incident, his Amended Complaint states that he made verbal complaints to other prison officials immediately following the alleged incident. I therefore conclude that a similarly situated inmate of ordinary firmness would not have been deterred from filing an appeal and completing the grievance process.

Hall's Amended Complaint also seems to argue[4] that his letters or communications with other DOCCS officials should serve as a substitute for filing a grievance or an appeal. This argument also fails because "decisions in this circuit have repeatedly held that complaint letters to the DOCCS commissioner or the facility superintendent do not satisfy the PLRA's exhaustion requirements." *Muhammad v. Pico*, No. 02 Civ. 1052 (AJP), 2003 WL 21792158, at *8 (S.D.N.Y. Aug. 5, 2003) (collecting cases). As one court observed, "[t]he Second Circuit has made clear that even if prison officials have notice of a prisoner's claims as a result of such

---

[4] Again, this argument was not raised by Hall in response to the Defendants' Motion for Summary Judgment.

informal communications, the purposes of the PLRA's exhaustion requirement can only be realized through strict compliance with the applicable administrative procedures." *Mamon v. New York City Dep't of Corr.*, No. 10 Civ. 3454 (NRB), 2012 WL 260287, at *4 (S.D.N.Y. Jan. 27, 2012) (citing *Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007)). The same is true for having conversations with prison officials about the incident, as "oral statements to various officials" do not satisfy the PLRA's exhaustion requirement. *Simon v. Campos*, No. 09 Civ. 6231 (PKC), 2010 WL 1946871, at *6 (S.D.N.Y. May 10, 2010); *see also Magassouba v. Cross*, No. 08 Civ. 4560 (RJH)(HBP), 2010 WL 1047662, at *8 (S.D.N.Y. Mar. 1, 2010) (collecting cases); *Harrison v. Goord*, No. 07 Civ. 1806 (HB), 2009 WL 1605770, at *8 (S.D.N.Y. June 9, 2009) (holding that oral complaints and sending letters to prison officials "just don't cut the mustard" in establishing exhaustion.)

IV.     Hall's Request for Discovery

The final issue is whether, as Hall claims, discovery is required on the issue of non-exhaustion in order to properly respond to the Defendants' Motion for Summary Judgment. *See* ECF Nos. 13, 15. "[A] party resisting summary judgment on the ground that it needs discovery in order to defeat the motion must submit an affidavit showing (1) what facts are sought [to resist the motion] and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts." *Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 303 (2d Cir. 2003).

Hall has not submitted such an affidavit, and his unsworn filings fail to demonstrate why discovery is required on the issue of non-exhaustion. See ECF No. 13, 15, 16. Rather than describing what specific facts are needed, why they would be relevant to this case, or what effort Hall has made to obtain the materials, Hall has instead requested any report in the possession of

DOCCS regarding the use of force upon inmates by the named Defendants from 2011 to the present, any memoranda or investigative files, policies or procedures, and copies of his medical records. Those documents are wholly irrelevant to the issue of non-exhaustion that is presented by the Defendants' Motion for Summary Judgment.

The only potentially relevant request is Hall's blanket request that the Court order the Defendants to turn over his grievance file (ECF No. 13), and his discovery demand to the Defendants (filed some eight months later) which requests copies of any grievances he filed between April 2011 and September 2012. *See* ECF No. 16. However, in light of the three declarations from DOCCS officials that no grievances were ever received or filed with the facility, with the superintendent, or with CORC regarding this alleged incident, coupled with Hall's failure to produce a copy of any of these alleged grievances, Hall has not established a need for discovery on this issue. As a result, Hall's applications for discovery and for an extension of time (ECF Nos. 13, 15) are DENIED.

## CONCLUSION

While non-exhaustion can be excused under the previously discussed circumstances, I find that there is no basis to excuse Hall's failure to exhaust his administrative remedies in this case. Even assuming that Hall's original grievance was destroyed, he still had the ability to file an appeal and complete the process, but chose not to do so. Further, there is no basis to estop these Defendants from raising the issue of non-exhaustion, and as a result, Hall's failure to exhaust his administrative remedies is fatal to this action.

Defendants' Motion for Summary Judgment (ECF No. 7) is GRANTED and this action is dismissed with prejudice. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of

Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962).   Any request to proceed *in forma pauperis* on appeal should be directed by motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.   The Clerk of the Court is directed to close this case.

      IT IS SO ORDERED.

Dated:   June 29, 2015
         Rochester, New York

                    HON. FRANK P. GERACI, JR.
                    Chief Judge
                    United States District Court